IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.H.E. INSURANCE COMPANY, | : | 1:10-cv-1081 |
| Plaintiff, | : | |
| v. | : | |
| KEVIN CLANCY, WEST SHORE EVANGELICAL CHURCH, KENNETH BOONE, Individually and as parent and Natural Guardian of Kendell Boone, a minor, CITY LIMITS ASSEMBLY OF GOD, DAVID H. ADAMS, d/b/a NOAH'S WORLD and NOAH'S WORLD, INC., | : | Hon. John E. Jones III |
| Defendants. | : | |

**MEMORANDUM**

**December 8, 2010**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

This interpleader action was filed by Plaintiff T.H.E. Insurance Company ("T.H.E.") on May 20, 2010. T.H.E. had issued a commercial general liability insurance policy, no. 00M7MF5661 to David H. Adams, d/b/a Noah's World, located at 2583 Black River Road, Bethlehem, Pennsylvania. The policy period extended from 8/15/07 to 8/15/08, with an occurrence and general aggregate limit of $ 1 Million Dollars.

1

The statute of limitations for claims to be made under the policy has run, and to date there are only two actions filed against David H. Adams, d/b/a Noah's World, which are as follows:

(1) **The Boone claim** - This is a claim filed on behalf of Kendell Boone for personal injury in the Court of Common Pleas County, Pennsylvania, docket number 2009-C-5804; and

(2) **The Clancy claim** - This is a claim filed on behalf of Kevin Clancy for personal injury in the Court of Common Pleas of Lehigh County, Pennsylvania, docket number 2010-C-3796.

T.H.E. has deposited the policy limit of $ 1 Million Dollars with the Clerk of this Court in compliance with our July 6, 2010 Order.

As set forth in a Stipulation (Doc. 33) filed by T.H.E., Boone and Clancy, these parties have agreed upon a division of the monies as follows:

$18,000 - payable to Boone plaintiff

$982,000 - payable to Clancy plaintiff

In exchange for the above-listed monetary payments, the Boone plaintiff will provide a full and complete release to David H. Adams and Noah's World. The

Clancy plaintiff will execute a pro rata joint tortfeasor release and settlement agreement.[1]  It is this agreement that triggers the controversy we must resolve.

All of the parties with an interest in the interpleader monies agreed to the Stipulation with the exception of West Shore Evangelical Church and City Limits Assembly of God (the "Churches").  Notably, however, it is our view that the Churches have neither standing nor a legal basis to object to the release of the monies.  While we recognize that the Churches are concerned that they might ultimately be exposed, jointly and severally with David H. Adams and Noah's World, to a verdict in excess of the $1 Million Dollar policy limit, they cannot control disposition of these proceeds, to which they have no legal right.  The insureds, David H. Adams and Noah's World, are quite obviously subjecting themselves to a potential excess judgment by agreeing to the Stipulation.  To be sure, not insisting on a complete release may be improvident, but that does not provide the Churches with a legal basis to object to the path that David H. Adams and Noah's World have elected to follow.  Although ultimately the Churches may be compelled to bring an action against David H. Adams and Noah's World in the event of a disproportionate payment made by the Churches as a result of their

---

[1] This release continues the exposure David H. Adams and Noah's World as opposed to a full and complete release, which would extinguish any further liability as to them.

potential joint and several liability, this fact still does not impair the ability of the parties to the Stipulation to so act.

Accordingly, we shall adopt the Stipulation (Doc. 33) as filed.  Further, inasmuch as the monies subject to this interpleader action will be released by virtue of this Order, we shall close the case.  An appropriate Order shall issue.